By the Court,

Nelson, C. J.
The general rule, that for injuries done to the person or character of the wife, such as battery, slander &c., the suit must be brought in the joint names of husband and wife, has been conceded by the form of action in this case, and is not very consistent with the ground subsequently taken in the replication, that the deed of separation has, in effect, placed the wife on the footing of a feme sole, and discharged her from the legal disabilities arising out of her coverture. To have consistently carried out the doctrine assumed in answer to the release, the suit should have been brought in the name of the wife alone.
But I apprehend, since the case of Marshall v. Rutton, (8 T. R. 545,) which was twice argued, the last time before the twelve judges, there is no foundation for the principle upon which this action is sought to be sustained. It *262 was there broadly asserted, and has since been maintained without any exception that has come under my notice, that no authority could be found in the books to shew that a man and his wife can, by an agreement between themselves, change their legal capacities and characters.
The argument in favor of giving effect to a deed of separation was answered, in that case, by reference to the acknowledged principle, that the contract supposed was made between two persons who were but one in law, and unable for that reason to contract with each other—and that the foundation therefore failed upon rvhich the deed was sought to be sustained. And it was said in that case by Lord Kenyon, that if it were otherwise, “ and the parties were competent to contract at all, it would then become material to consider how far a compact could be valid, which had for its object the contravention of the general policy of the law in settling the relations of domestic life, and which the public is interested to preserve; and which, without dissolving the bond of marriage, would place the parties in some respects in the condition of being single, and leave them in others subject to the consequences of being married; and which would introduce all the confusion, and inconvenience, which must necessarily result from so anomalous and mixed a character.”
Again, in Boggett v. Frier, (11 East, 302,) which was an action of trespass brought by the wife for breaking and entering her house, and taking and carrying away her goods, the action was sought- to be maintained on the ground that the plaintiff’s husband had abandoned her and left the kingdom, without leaving her any means of support ; and had not been heard from for two years, during which time she had lived separate’ and apart from him, and had carried on business and trade as a feme sole fyc. But the court observed, that “all the cases relied on to sustain the action, were antecedent to that of Marshall v. Rutton; and so far as they were opposed to, were overruled by that decision, which restored what was the old established rule of law, by which, with certain known specific exceptions, no *263 married woman was capable of contracting, or acting as a feme sole, or of suing or being sued as such.” The exceptions are, where the husband has been banished for life, or abjured the realm; to which has been added, transportation for a certain number of years. In these cases he is regarded as civilly dead.
The same doctrine will be found in Lewis v. Lee, (3 Barn, & Cress. 291,) where it was held, that a divorce a menso et thora did not so far destroy the relation of husband and wife as to subject her to an action as a feme sole. In delivering the opinion of the court in this case, Ch. J. Abbott refers to Marshall v. Rutton, and particularly to that part of the opinion of Lord Kenyon, in which he denies that there is any authority in the books to show that a man and his wife can, by agreement between themselves, change the legal capacities and characters that belong to that relation. (See also Hyde v. Price, 3 Ves. 443; Marsh v. Hutchinson, 2 Bos. & Pull. 226; Kay v. Duchesse de Pienne, 3 Camp. 123; 2 Roper on Husb. and Wife, 122, 3; Id. 270, n.; St. John v. St. John, 11 Ves. 539; Innell v. Newman, 4 Barn. & Aid. 419; 2 Kent's Comm. 160, 3d ed.)
The case of Marshall v. Rutton, holding the doctrine that a deed of separation cannot, at law, relieve the wife from her legal disabilities of coverture, and that of Legard v. Johnson, (3 Ves. 352,) in chancery, establishing that a separate provision between husband and wife alone is void from her incapacity to contract, are understood as having gone a great way in qualifying the effect of deeds of separation in England. Indeed, the most eminent names to be found in both departments of the law there, have lamented their introduction into the jurisprudence of the country. (St. John v. St. John, 11 Ves. 539. Worrall v. Jacob, 3 Meriv. 256.) Lord Ch. L Denman, in a very recent case, (Jones v. Waite, 5 Bing. N. C. 341,) remarked: “The assertion that deeds of separation are at variance with the policy of the law, has been often made by the highest authorities, and never disputed by any. Many of the judges *264 who have given effect to them, for any purpose, have, expressly declared that they adopted them to that extent with reluctance, and would have paused if the question had been new.”
It is now distinctly settled in England, that a court of chancery will not aid in the execution of articles of separation, nor will it interfere to enforce performance of any part of the agreement, even where a trustee intervenes, without a consideration to the husband, such as indemnity against debts, &c.and a deed in contemplation of future separation is utterly void.
. It is also, perhaps, the better opinion that the numerous covenants and stipulations usually contained in these instruments for the purpose of enforcing a continuance of the separation, and providing fully for the same—such as go to prevent a suit for restitution of conjugal rights, to restrain the husband from exercising personal control over the wife, to resign the children of the marriage to her, and the like—are void, and will not be enforced either at law or in equity.
Mr. Jacobs, in his recent valuable edition of Roper on Husband and Wife, (1 vol. p. 157, n.) observes, that it may be considered at present, as settled, that these deeds, when not contemplating a future separation, are valid so far as relates to the trusts and covenants by which the husband makes a provision for the wife, and the indemnity given to the husband by the trustees ; and Lord Ch. J. Denman, in the case already referred to, speaks in even more qualified terms. After reviewing all the cases on the subject, he observes: “If I could venture to lay down the principle, which alone seems to be safely deducibie from all these cases, it is this; that when a husband has, by his deed, acknowledged his wife to have a just cause of separation from him, and has covenanted with her natural friends to allow her a maintenance during separation, on being relieved from liability to her debts, he shall not be allowed to impeach the validity of that covenant.”
Guarded and restricted as we have seen these instru *265 ments are, in a court of equity, I do not believe that even that court would interfere to enforce an observance of the particular covenant relied on here for invalidating the release set up in bar of the action; but sure I am, that in a court of law, where the rights, duties, disabilities and obligations arising out of this interesting domestic relation, exist in uncontrolled vigor notwithstanding the voluntary arrangement of the parties to the contrary, no such effect can be given to it. Here it is condemned as waste paper, by the soundest principles of policy, morality and law.
Judgment for defendant.